10-4428-cv
Koncelik v. Savient Pharm., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of January, two thousand twelve.

Present:     ROGER J. MINER,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                     *Circuit Judges*.

_____

LAWRENCE J. KONCELIK,

        *Plaintiff-Appellant*,

RICHARD SAGALL, INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,

        *Plaintiff*,

                        v.                                    10-4428-cv

SAVIENT PHARMACEUTICALS, INC., CHRISTOPHER G.
CLEMENT, PHILIP K. YACHMETZ, ZEBULUN D. HOROWITZ,
BRIAN J. HAYDEN, PAUL HAMELIN, ROBERT LAMM,

        *Defendants-Appellees*.

_____

For Appellant:            Marc I. Gross, Shaheen Rushd & Tamar A. Weinrib, Pomerantz
                          Haudek Grossman & Gross LLP, New York, N.Y.

For Appellees:            Peter J. Macdonald, Paul M. Winke & Brian A. Sutherland,
                          Wilmer Cutler Pickering Hale and Dorr LLP, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Lawrence J. Koncelik appeals from the district court's dismissal of his lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts of the case and the issues raised on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner*, 282 F.3d 147, 152 (2d Cir. 2002).

Koncelik has not alleged facts that raise "a strong inference that the defendant[s] acted with the required state of mind," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007) (internal quotation mark omitted)—that is, "conscious misbehavior or recklessness," *ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009).

To survive a motion to dismiss, Koncelik need not allege that defendants knew of statistically significant evidence that pegloticase caused cardiac-related adverse events. *See Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1324 (2011).

Rather, the complaint must raise an inference—"cogent and at least as compelling as any opposing inference of nonfraudulent intent"—that defendants recklessly or intentionally disregarded the risk that a causal connection might exist between pegloticase and cardiac-related adverse events. *Tellabs*, 551 U.S. at 314.

Koncelik has not alleged facts sufficient to raise such an inference. *Cf. Matrixx*, 131 S. Ct. at 1324-25 & n.15 (concluding that the complaint's allegations—including that "Matrixx was sufficiently concerned about the information it received that it . . . hired a consultant to review the product," "convened a panel of physicians and scientists," and even issued a "misleading . . . press release" denying a causal connection in the face of inconclusive evidence—"g[a]ve rise to a 'cogent and compelling' inference that Matrixx elected not to disclose the reports of adverse events not because it believed they were meaningless but because it understood their likely effect on the market").

2

Accordingly, the order of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk